UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:09-CV-1036-ORL

GEORGE RICHARDSON,

Plaintiff,

vs.

PELICAN SUNSHINE RESORT, LLC., a
Florida limited liability company,

Defendant.

_____/

## C O M P L A I N T
### (Injunctive Relief Demanded)

Plaintiff, GEORGE RICHARDSON, Individually, on his behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the

Defendant, PELICAN SUNSHINE RESORT, LLC., a Florida limited liability company, (sometimes

referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs

pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (hereinafter, the "ADA")

and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and allege

as follows:

### JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and

1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's failure

to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C.

§§2201 and 2202).

## PARTIES

2.      Plaintiff, RICHARDSON, is a resident of the State of Florida and this judicial district, is sui juris, and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or his full and equal enjoyment of the   goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

4.      Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as: Pelican Landing Resort, located at or about 1201 S. Atlantic Avenue, Cocoa Beach, FL 32931, (hereinafter, the "Facility").

5.      Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

## FACTUAL ALLEGATIONS AND CLAIM

6.      On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §12101, *et seq.*

2

7.   Congress found, among other things, that:

    (i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

8.   Congress explicitly stated that the purpose of the ADA was to:

    (i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

3

42 U.S.C. §12101(b)(1)(2) and (4).

9.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

10.   The Facility is a public accommodation and service establishment.

11.   Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. § 36.508(a).

12.   The Facility must be, but is not, in compliance with the ADA and ADAAG.

13.   Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

14.   Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, including utilizing parking and restroom facilities, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit his access to the Facility and/or the goods, services,

4

facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15.    Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

16.    Defendant has discriminated against Plaintiff by failing to comply with the above requirements.  A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

**Exterior Accessible Routes**

A.    There is no accessible route within the boundary of the site linking an accessible building entrance with public transportation stops, accessible parking, public streets, or sidewalks violating sections 4.1.2(1) & 4.3.2(1) of the ADA standards.

B.    There is no accessible route connecting accessible buildings, facilities, elements, and spaces that are on the same site.  The routes to the pool and a gazebo have excessive changes in level violating sections 4.3.8, 4.52, 4.1.2(2) & 4.3.2(2) of the ADA standards.

**Parking and Passenger Loading**

A.    The accessible parking spaces do not have a demarcated access aisle violating section 4.6.3 of the ADA standards.

5

B.    The accessible parking spaces do not have a complaint signage violating section 11-4.6.4 of the FAC.

C.    The passenger loading zone has a curb violating section 4.6.6 of the ADA standards.

**Public Restrooms**

A.    The Men's restroom does not provide a complaint latch-side approach to the pull side of the swinging door of at least 54 inches perpendicular to the doorway violating section 4.13.6 of the ADA standards.

B.    The Men's restroom does not provide a compliant stall violating section 4.17 of the ADA standards.

C.    The Men's restroom toilet stall doors are not self closing violating section 11-4.17.5 of the Florida Accessibility Code.

D.    The Men's restroom stall does not provide compliant grab bars violating section 4.17.6 of the ADA standards

E.    The Men's restroom does not provide a compliant mirror violating section 4.19.6 of the ADA standards.

F.    The Men's restroom does not provide a lavatory with a clearance of at least 29 inches from the floor to the bottom of the apron violating section 4.19.2 of the ADA standards.

**Accessible Guest Rooms**

A.    The property lacks sufficient notification devices for individuals with hearing impairments violating sections 9.2.2(8), 9.1.3 & 9.3 of the ADA standards.

B.    The rooms for disabled use do not provide a compliant roll-in shower violating sections 4.23.8, 9.1.2, 4.21 and Figure 57(a) or 57(b) of the ADA standards.

C.    The rooms for disabled use do not provide a compliant bathtub violating sections 4.23.8, 9.2.2 & 4.20 of the ADA standards.

D.    The disabled use rooms are not dispersed among the various classes of sleeping accommodations violating section 9.1.4 of the ADA standards.

E.    There are controls and operating mechanisms which are higher than the maximum allowed reach, not accessible, and/or not operable with one hand and/or require tight grasping, pinching, or twisting of the wrist to operate violating sections 9.2.2(5) & 4.27 of the ADA

standards.

F.	Electrical and communications system receptacles on walls are mounted less than 15 in. Above the floor violating section 4.27.3 of the ADA standards.

G.	The doors into accessible units do not comply with sections 9.2.2(3) & 4.13 of the ADA standards.

H.	The guest room bathrooms have lavatories & mirrors which do not comply with sections 4.23.6 & 4.19 of the ADA standards.

I.	The guest room bathrooms have grab bars which do not comply with sections 4.23.4 & 4.16.4 of the ADA standards.

17.	The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

18.	Plaintiff has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

19.	The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. § 36.304.

20.	Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipate that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the

7

Facility, including those set forth herein.

21.      Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

22.      Plaintiff has been obligated to retain an expert witness for the filing and prosecution of this action, and have agreed to pay said expert reasonable expert's fees and costs from Defendant pursuant to 42 U.S.C. §§ 12205, 12117 and 42 U.S.C. §1988.

23.      Pursuant to 42 U.S.C. §12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully request that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorneys' fees, expert fees, costs and expenses incurred in this action.

8

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.:  (954) 463-2001
Faesimile No.: (954) 463-0410
Counsel for Plaintiff


CHRISTOPHER L WHITELOCK
Florida Bar No.: 0067539

9